# CASOS RESUELTOS
## EN LA
# CORTE SUPREMA DE PUERTO RICO

---

VILLODAS, DEMANDANTE Y APELANTE, *v.* A. HARTMAN & CÍA. ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre servidumbre y daños y perjuicios.

Moción solicitando que sea desestimada la apelación.

No. 2030.—Resuelto en enero 16, 1920.

DESESTIMACIÓN DE APELACIÓN — ALEGATO DEL APELANTE — TRAMITACIÓN DEL RECURSO.—Proveyendo a una moción de los abogados que representaban en este caso al apelante fallecido después de radicada la transcripción, el Tribunal Supremo dictó en junio 5 de 1919 una resolución suspendiendo hasta nueva orden la tramitación del recurso. Los apelados radicaron en enero 8 de 1920 una moción pidiendo la desestimación del recurso por el fundamento de que la sucesión del apelante a pesar de haber transcurrido más de doscientos diez días desde la expresada resolución de junio 5, 1919, no habían instado diligencia alguna ni radicado alegato. *Se resolvió:* declarar sin lugar la moción de los apelados, pues si bien es cierto que la sucesión del apelante dejó de actuar en el pleito y de radicar su alegato, lo hizo amparada en la resolución citada por los apelados suspendiendo hasta nueva orden la tramitación del recurso, cuya suspensión no había sido alzada.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José J. Aponte, C. B. Buitrago, José C. Ramos* y *Manuel A. Martínez,* y el *Sr. Manuel Tous Soto* que compareció a la vista del caso.

Abogado de los apelados: *Sr. Tomás Bernardini.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el caso de Julián Villodas Guillot contra A. Hartman & Co. *et al.,* sobre confesión de servidumbre y daños y perjuicios, seguido en la Corte de Distrito de Guayama, dicha

1

corte dictó sentencia que fué apelada por la parte demandante, y habiéndose radicado la transcripción de autos en 26 de mayo del año próximo pasado, 1919, la representación de la parte apelante, cuando aun no había vencido el término de diez días que la ley señala para la presentación del alegato, presentó escrito con una certificación creditiva del fallecimiento del apelante Villodas ocurrido el día 28 de·mayo citado, suplicando se le prorrogara por no menos de veinte días el término para la presentación de dicho alegato, por ignorar si Villodas' había fallecido con testamento o sin él y quiénes fueran sus herederos, a cuya moción proveyó esta corte en 5 de junio que se suspendiera hasta nueva orden la tramitación del recurso.

Así las cosas, la parte demandada-apelada archivó moción en 8 de enero del corriente año, notificada a los herederos de Julián Villodas dos días antes, cuya moción había de oirse en la sesión del día 12, y en esa fecha la sucesión de Villodas presentó moción para que fuera sustituído, el difunto Villodas por las personas componentes de su sucesión, cuya moción, con la conformidad de la parte apelada, fué declarada con lugar habiendo presentado además en el mismo día la representación de esa sucesión alegato escrito para sostener el recurso.

La parte apelada pretende que se desestime el recurso por haber transcurrido más de 200 días desde la resolución expresada de 5 de junio, 1919 sin haber presentado los causahabientes del apelante alegato escrito en apoyo del recurso.

Por la expresada resolución de 5 de junio, 1919, se suspendió hasta nueva orden la tramitación del recurso y por tanto quedó en suspenso el término para que el apelante presentara su alegato, sin que la apelada practicara gestión alguna para que ese término comenzara a correr de nuevo mediante la sustitución de la personalidad del apelante por la de sus herederos.

La apelante dejó de actuar, amparada por la repetida

orden de 5 de junio, y no puede decirse que en la fecha en que la apelada presentó moción para la desestimación del recurso hubiera vencido el término para la presentación de alegato, toda vez que ese término estaba en suspenso y no había sido alzada la suspensión.

·Procede admitir el alegato de la sucesión de la parte apelante y denegar la moción de desestimación del recurso.

*Denegada la desestimación.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.